## JULIA FERNANDEZ v. THE STATE.

No. 4671. Decided November 7, 1917.

**Local Option—Jury and Jury Law—Challenge for Cause.**

Where a juror answered on his voir dire that he would not accord the accused the benefit of a suspended sentence, this was a cause for challenge, and should have been sustained, defendant having exhausted his peremptory challenges, and filed his plea for a suspended sentence at the proper time.

Appeal from the District Court of Atascosa. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law.

There are various exceptions to the ruling of the court with reference to the admission of testimony. The bills are rather indefinite, and, in view of the disposition of the case, are not discussed. Upon another trial these matters may not occur, and if so the bills of exception will be more explicit.

There is a bill of exception reserved which, in substance, shows that when the jury was called to be empaneled and tested as to their qualifications in this particular case two of the jurors answered positively that they would not, under any circumstances, accord the accused the benefit of the suspended sentence law. These two jurors were challenged for cause. Appellant exhausted her peremptory challenges and one of the jurors, over her objection, sat on the jury. The court, on the face of the bill of exception, seems to have been under the impression that at the time these causes for challenge were offered appellant had her peremptory challenges. This is not an answer to the question. If a cause for challenge is well taken and the defendant exhausts his peremptory challenges and is forced to take such juror he is entitled to reversal. Peremptory challenges are given to be exercised by the accused independent of challenges for cause.

We are of opinion that the court was in error, and further, that it constituted a cause for challenge. Appellant properly, and in due time, filed a plea for a suspended sentence. The law accords an accused the right to have a jury pass upon such plea, when filed in proper time. It is a matter of value for an accused to have a suspended sentence awarded if the jury should find against him on the merits of the case and convict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*